IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAEL CRESPO,<br><br>   Petitioner,<br><br>v.<br><br>COMMONWEALTH OF PENNSYLVANIA and<br>THE DISTRICT ATTORNEY OF<br>PHILADELPHIA,<br><br>   Respondents. | CIVIL ACTION<br>NO. 14-6039 |

## ORDER

**AND NOW**, this 25TH day of September, 2015, upon careful and independent consideration of the petition for a writ of habeas corpus, the notice to amend, the response, Petitioner's reply to the response, and available state court records, and after review of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge, it is hereby **ORDERED** as follows:

1. The Report and Recommendation, which explains that Petitioner has not exhausted state court remedies, is **APPROVED AND ADOPTED** insofar as its reasoning and conclusion were rightly stated at the time of its filing and it remains correct with the addition noted below.

2. Upon review of the state court docket, the Court notes that subsequent to the filing of the Report and Recommendation, Petitioner's trial was conducted, with testimony beginning on September 3, 2015; after some brief continuances, the trial concluded on September 10, 2015. Petitioner was found guilty of all charges and is now awaiting sentencing. Petitioner's claims concern his speedy trial rights under the Pennsylvania Rules of Criminal Procedure, the Pennsylvania Constitution, the Sixth

    Amendment to the United States Constitution, and the Interstate Agreement on Detainers. He seeks dismissal of the charges or "a trial to commence soon" (Pet'r Br. at 3). Because trial has now occurred, the request to commence trial is moot.

3. The petition for a writ of habeas corpus is **DISMISSED**. The dismissal is **with prejudice** as to Petitioner's request to commence trial because that request is now moot rather than merely premature. The dismissal is **without prejudice** as to Petitioner's claim that the charges should have been dismissed or that his conviction should now be vacated due to violation of his speedy trial rights; Petitioner could refile such a claim if he first exhausts state remedies.

4. A certificate of appealability **SHALL NOT ISSUE**, in that the Petitioner has not demonstrated that a reasonable jurist would debate the correctness of this procedural ruling. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

5. The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

                                                  **BY THE COURT:**

                                                  **/s/ Jeffrey L. Schmehl**
                                                  Jeffrey L. Schmehl, J.